UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

OTTAVIO MARIO JOHNSON,

               Plaintiff,           11 Civ. 6975

   -against-                  OPINION

MICHAEL J. ASTRUE,
Commissioner of Social Security,

               Defendant.

------------------------------------X

A P P E A R A N C E S:

      Attorney for Plaintiff

      HAROLD SKOVRONSKY, ESQ.
      1810 Avenue N
      Brooklyn, NY 11230

      Attorney for Defendant

      PRHEET BHARARA
      U.S. Attorney for the
        Southern District of New York
      86 Chambers Street, 3rd Floor
      New York, NY 10007
      By:  Leslie A. Ramirez-Fisher, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4 5 13

**Sweet, D.J.**

The defendant, Michael J. Astrue, Commissioner of
Social Security ("Commissioner" or "Defendant") has moved
pursuant to Fed. R. Civ. P. 12(c) ("12(c)") for judgment on
pleadings dismissing the complaint of the plaintiff, Ottavio
Mario Johnson ("Johnson" or "Plaintiff"), seeking to reverse the
decision of the Commissioner that Johnson was not disabled
within the meaning of the Social Security Act, 42 U.S.C. § 402,
et seq. (the "Act").  The Plaintiff has cross-moved for judgment
on the pleadings pursuant to 12(c).  Based on the conclusions
set forth below, the Commissioner's motion is granted, the
Plaintiff's cross-motion is denied, and the complaint is
dismissed.

**Prior Proceedings**

On December 7, 2009, Plaintiff filed an application
for monthly disability insurance benefit payments.  Transcript
of the Administrative Record ("Tr.") 121-22. On March 11, 2010,
the Social Security Administration ("SSA") denied the
application. Tr. 61-62, 65-72. Plaintiff then requested a
hearing by an administrative law judge ("ALJ").  Tr. 73.  The

hearing was held on February 22, 2011. Tr. 23-60. ALJ Roberto Lebron, before whom Plaintiff and his attorney appeared, considered the case de novo, and on April 18, 2011, issued a decision finding that Plaintiff was not disabled. Tr. 9-19. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on September 23, 2011. Tr. 1-6, 7-8. On October 5, 2011, Plaintiff commenced this action to vacate the Commissioner's decision.

The instant motion to dismiss was marked fully submitted on December 5, 2012.

**The Administrative Record**

The administrative record is described in the Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings ("Def. Mem."), and that description is not challenged by the "Statement of Facts" contained Plaintiff's Memorandum of Law in Opposition to the Defendant's Motion for Judgment on the Pleadings and in Support of Plaintiff's Cross-Motion for Judgment on the Pleadings ("Pl. Mem.").

Plaintiff's statement of facts relies upon his testimony before the ALJ, and is as follows:

The plaintiff was born November 24, 1969 and has a college education. He had been employed primarily as a New York City police officer and, for brief periods, as a security guard and a maintenance worker. The plaintiff has not worked since December 2009 due to a disability resulting from the after-effects of injuries sustained in a motor vehicle accident that occurred in 2004.

The plaintiff underwent cervical spine surgery and fusion in 2007. He had 2 years of physical therapy thereafter. He also had surgeries-bunionectomies-of both feet.

Despite the medical interventions, the plaintiff continues to suffer from neck and back pain. 'I am tossing and turning every night. I can't recall when I have gotten more than four hours of sleep straight. That's why my previous doctor has prescribed me Ambien.' He takes Percocet for pain. He cannot perform household chores, and he enlists the aid of friends for this purpose.

The plaintiff estimates that he can stand 30-45 minutes at a time, and a total of 2 hours in an 8-hour period. He can sit a maximum a half-hour at one time, and a total of not more than 3 hours out of 8. He can walk no more than 45 minutes within 8 hours.

Pl. Mem. at 1-2 (citations omitted). Plaintiff also relies upon the testimony of Gerald Greenberg, M.D. ("Dr. Greenberg") and vocational expert Peter Manzi ("Manzi"), as well as a variety of medical evidence including (i) MRIs taken in 2005, (ii) an EMG and operative report in 2007, (iii) an operative report of 2008,

(iv) a questionnaire by physician Dilip Subhedar, M.D. ("Dr. Subhedar"), (v) a 2010 report and 2011 letter from Dr. Subhedar; and (vi) the report of Leena Philip, M.D. ("Dr. Philip").  See Reply Memorandum of Law in Further Support of Defendant's Motion for Judgment on the Pleadings and in Opposition to Plaintiff's Cross-Motion for Judgment on the Pleadings ("Def. Reply") at 3-5.


**The Standard of Review**


        A reviewing court may set aside the Commissioner's decision only if it is based upon legal error or factual findings that are not supported by substantial evidence.  See Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998).  "Substantial evidence" is defined as being "'more than a mere scintilla'" and as that quantum of evidence which "'a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). If there is substantial evidence on the record to support the Commissioner's factual findings, they are conclusive and must be affirmed. 42 U.S.C. § 405(g); Bush v. Shalala, 94 F.3d 40, 45 (2d Cir. 1996); Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996).


4

**Standard of Disability**

In order to establish a disability within the meaning of the Act, a claimant must demonstrate the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 423(d)(1)(A).  Under the Act, it is not sufficient that the claimant establish the mere presence of a disease or impairment.  Rather, he must show that the disease or impairment has caused functional limitations that preclude him from engaging in any substantial gainful activity.  Rivera v. Harris, 623 F.2d 212, 215-16 (2d Cir. 1980); Coleman v. Shalala, 895 F. Supp. 50, 53 (S.D.N.Y. 1995).

Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3). The statute further provides that an individual will be determined to have a disability "only if his physical or

mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."   42 U.S.C. § 423(d)(2)(A).

To determine disability, the Commissioner uses a five-step sequential evaluation process.  20 C.F.R. § 404.1520.  If a finding of disability or non-disability can be made at any point in the sequential analysis, the Commissioner will not review the claim further.  20 C.F.R. § 404.1520(a); Williams v. Apfel, 204 F.3d 48, 48-49 (2d Cir. 1999). At step one, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 404.1520(b). If the claimant is not engaged in substantial gainful activity, the analysis moves to step two where the Commissioner considers whether the claimant has a "severe" impairment or combination of impairments that significantly limit his physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1521; Bowen v. Yuckert, 482 U.S. 137 (1987). If a severe impairment or combination of impairments is present, at step three the Commissioner considers whether the claimant's impairment meets or equals the criteria in Appendix 1 to 20 C.F.R. Part 404, Subpart P. See 20 C.F.R. § 404.1520(d).

If the claimant does not have a listed impairment, the Commissioner will make a finding regarding the claimant's residual functional capacity, i.e., what a claimant can do despite his impairments and related symptoms.  20 C.F.R. §§ 404.1520(e), 404.1545.  The Commissioner then uses the residual functional capacity finding at the fourth and fifth steps of the sequential evaluation.  Id.  At the fourth step, the Commissioner determines whether the claimant has the residual functional capacity to perform his past relevant work. 20 C.F.R. § 404.1520(f).  The claimant bears the burden of proving that he cannot return to his former type of work.  See Melville v. Apfel, 198 F.3d 45, 51 (2d Cir. 1999).  If the claimant is unable to perform any work he has done in the past, the Commissioner considers his residual functional capacity along with his age, education, and past work experience to determine if he can do other substantial gainful activity in the national economy.  20 C.F.R. § 404.1520(g). If a claimant can do other work, the claim will be denied.  Id.

**There Was Substantial Evidence To Support The Decision Of The ALJ**

The ALJ determined that the Plaintiff could perform sedentary work despite his impairments.  Plaintiff alleged that

7

he was disabled due to spinal disease and bilateral foot pain, but despite efforts to contact Plaintiff's treating sources, see Tr. 33, 151-52, 166-67, 202, 338-44, the medical records before the ALJ contained evidence of only a single doctor's visit during the alleged period of disability, see Tr. 321-26.  This April 2009 "progress note[]" did not reflect a disabling medical condition, but rather merely recorded a complaint of fatigue and a request for an anti-nausea medication for a fishing trip.  See id. at 321.

On February 9, 2010, the consultative examiner, Dr. Phillip, reported that Plaintiff had some decreased flexion of the cervical spine, a positive straight leg raising sign, and some difficulty standing on his toes.  Tr. 329.  Clinical examination findings were otherwise benign.  Plaintiff could flex 70 degrees in the lumbar spine.  Tr. 329.  He had full ranges of motion of the joints of his legs and arms, with five out five muscle strength, stable and non-tender joints, and no signs of muscle atrophy.  Tr. 329-30.  Gait and stance were normal.  Tr. 329.  Plaintiff's hand and finger dexterity was intact.  Tr. 329.  Neurologically, reflexes were physiologic and equal, and there were no motor or sensory deficits noted.  Tr. 329.  Dr. Phillip assessed only that Plaintiff had a "moderate" limitation of bending, lifting, carrying, pushing and pulling

8

due to neck and low back pain.  Tr. 329.  Her opinion is
consistent with the ability to perform sedentary work, which is
performed primarily while seated and generally requires the
ability to sit for about six hours and stand and/or walk for
about two hours, and also involves lifting small items such as
ledgers, docket files or small tools, weighing no more than ten
pounds.  20 C.F.R. § 404.1567(a); Social Security Ruling 83-10.

The ALJ also relied on the medical expert opinion of
Dr. Greenberg, who reviewed the medical records and opined that
in an eight-hour work day, Plaintiff would be able to sit for
about six hours, stand and/or walk about two hours and lift up
to ten pounds.  Tr. 45-46.  In support of his opinion, Dr.
Greenberg explained that the report of limited motion in the
cervical spine would not preclude sedentary work.  Tr. 46.  In
addition, Dr. Greenberg found no support for Plaintiff's claim
that he had undergone any procedure requiring surgical hardware
to be placed in his feet.  Tr. 47.  Plaintiff had undergone only
a bunionectomy.  Tr. 47.  According to Dr. Greenberg, at most,
Plaintiff would be off his feet for a maximum of several months
after such a procedure.  Tr. 48.

The ALJ relied on the medical opinions of Dr. Phillip
and Dr. Greenberg because they were well-supported by the

9

minimal medical examination findings reported in the record. See Tr. 17; 20 C.F.R. § 404.1527(c) (the more consistent an opinion is with the overall record, the more weight it will be given).

The ALJ rejected the medical opinion of Dr. Subhedar stating that Plaintiff could not perform even sedentary work because that opinion was not well-supported by the objective findings in the record, and furthermore was contradicted by other medical expert opinions. Tr. 17; 20 C.F.R. § 404.1527(c). Under 20 C.F.R. § 404.1527(c), the medical opinion of a treating physician is not entitled to controlling weight unless it is both well-supported by the clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the record.  Dr. Subhedar did not report any objective clinical or laboratory findings that supported his opinion, Tr. 345-47, and further, as observed by Dr. Greenberg, Dr. Subhedar's restrictive assessment was not justified by the objective findings that were reported in the record, see Tr. 44-48.

The ALJ also exercised reasonable discretion in determining that Plaintiff was not a credible witness because Plaintiff's subjective symptoms were not corroborated by the

10

objective findings or other evidence in the record.  Tr. 16-17;
20 C.F.R. § 404.1529.  As noted, Dr. Phillip reported some
positive findings including a diminished range of motion in the
cervical spine and a positive straight leg raise, but motor
strength, sensation and reflexes were intact.  Tr. 17; see Tr.
329-30.  Plaintiff had a normal gait and stance, could flex 70
degrees in the lumbar spine, and had no abnormalities of his
upper or lower extremity joints.  Tr. 329-30.

        Because Plaintiff's symptoms were not well-documented
by the objective findings in the record, the ALJ considered
other non-medical factors such as Plaintiff's daily activities,
the effects of medication and the treatment he received. See Tr.
17; 20 C.F.R. § 404.1529(c).  The ALJ observed that Plaintiff's
testimony of disabling pain and limitations was inconsistent
with the conservative care he received since January 2009, when
he allegedly became disabled.  Tr. 17.  The ALJ observed that
the more intense treatment that Plaintiff received took place
well before the alleged onset of the claimed disability.  Tr.
17.  The record did not document any adverse side effects from
medication, nor was there evidence of hospitalization or
emergency room treatment for an allegedly disabling medical
condition.  Tr. 17.  Plaintiff could care for his personal

needs, and lift his son, whom he estimated weighed about twenty pounds.  Tr. 40, 42-43.

The ALJ had the discretion to evaluate Plaintiff's credibility and arrive at an independent judgment regarding the true extent of the alleged pain in light of medical findings and other evidence.  Mimms v. Heckler, 750 F.2d 180, 186 (2d Cir. 1984).  Further, the ALJ's credibility determination is due deference because he heard the testimony and observed the demeanor of the witnesses.  See Gernavage v. Shalala, 882 F. Supp. 1413, 1419 n. 6 (S.D.N.Y. 1995).  In view of the minimal abnormal objective findings reported in the record and the infrequent care that Plaintiff received since the alleged onset of the claimed disability, the ALJ reasonably concluded that Plaintiff's testimony about disabling pain and limitation was not credible.

Because Plaintiff could no longer perform his past relevant work as a police officer, the ALJ considered whether there was any other work Plaintiff could perform in light of his age, education, work experience and residual functional capacity for a full range of sedentary work.  Tr. 18-19; 20 C.F.R. § 404.1520(g).  The ALJ found that Plaintiff was 39 years of age, a "younger" individual within the meaning of the

12

regulations. Tr. 18; 20 C.F.R. § 404.1563. He further found
that Plaintiff had a college education and was able to speak
English. Tr. 18; 20 C.F.R. § 404.1564. Although Plaintiff had
past skilled work as a police officer, transferability of work
skills was not at issue. Tr. 18. Plaintiff's age, education
and work experience, along with the ability to perform a full
range of sedentary work, corresponds to Medical-Vocational
Guidelines ("Grids") Rule 201.28, which directs a finding of not
disabled. 20 C.F.R. Part 404, Subpart P, Appendix 1. The Grids
"take[ ] into account the claimant's residual functional
capacity in conjunction with the claimant's age, education and
work experience." Zorilla v. Chater, 915 F. Supp. 662, 667
(S.D.N.Y. 1996). Based on these considerations, the Grids
indicate whether the claimant can engage in any substantial
gainful work existing in the national economy. See Roma v.
Astrue, 468 Fed. Appx. 16, 20-21 (2d Cir. 2012). The ALJ
properly relied on the Grids to satisfy the Commissioner's
burden at the fifth step of the sequential evaluation. See Bapp
v. Bowen, 802 F.2d 601, 604 (2d Cir.1986). Accordingly, the ALJ
properly found that Plaintiff was not disabled.


Under the Commissioner's regulations, if the Appeals
Council received new and material evidence, it may remand the
case back to the ALJ for further consideration if the evidence

shows that the ALJ's decision is against the weight of the evidence.  20 C.F.R. § 404.970; Perez, 77 F.3d at 44 (2d Cir. 1996).  Plaintiff provided some additional evidence from Dr. Subhedar to the Appeals Council, but consistent with the record before the ALJ, the medical findings do not substantiate the restrictive assessments he provided. Specifically, Dr. Subhedar reported that Plaintiff had a normal gait and was neurologically intact.  Tr. 361.  Plaintiff had normal ranges of motion. Tr. 362.  Further, Plaintiff reported "71% relief" of symptoms with a steroid injection in his lower back.  Tr. 365.  Accordingly, Plaintiff's submission to the Appeals Council did not show that the ALJ's decision was against the weight of the record, and therefore did not warrant further consideration.

The ALJ properly relied on the expert medical testimony of Dr. Greenberg that Plaintiff was able to sit for about six hours and stand and/or walk two hours of an eight-hour workday, and lift up to ten pounds.  Tr. 45-46.  An ALJ may ask for and consider opinions from medical experts on the nature and severity of a claimant's impairments.  20 C.F.R. § 404.1527(e)(2)(iii).  Further, the regulations permit an ALJ to rely on the medical expert's opinion over that of a treating source, provided the former is supported by the record. Hogue v. Commissioner of Social Security, No. 03 Civ. 4963 (SHS), 2005 WL

14

1036336, at *15 (S.D.N.Y. May 3, 2005) (quoting Schisler v.
Sullivan, 3 F.3d, 563, 568-69 (2d Cir. 1994) and citing Diaz v.
Shalala, 59 F.3d 307, 313 (2d Cir. 1995)) (quotation marks
omitted).  In this instance, Dr. Greenberg explained that the
report of limited range of motion in the cervical spine would
not preclude Plaintiff from performing sedentary work.  Tr. 44-
48.  In addition, Dr. Greenberg noted that the medical record
did not support Plaintiff's claim of undergoing a procedure in
which surgical hardware had been inserted into his feet.  Id.
Rather, Plaintiff had undergone bilateral bunionectomy.  Id.
According to Dr. Greenberg, Plaintiff would have been off of his
feet no more than several months after the procedure.  Id.
Though Plaintiff questions the relevance of this testimony, see
Pl. Mem. at 9, it is indeed relevant because Dr. Greenberg's
testimony references the fact that Plaintiff had made
unsubstantiated claims about having surgical hardware placed in
his feet.

       In addition, the ALJ's acceptance of the medical
opinions of Dr. Philip and Dr. Greenberg was reasonable because
those opinions were consistent with the overall medical record
showing minimal medical examination findings and treatment
during the period under review.  See 20 C.F.R. §
404.1527(c)("the more consistent an opinion is with the record

as a whole, the more weight we will give to that opinion"). Specifically, the medical record before the ALJ showed that from January 31, 2009, the date on which Plaintiff claimed that he became disabled, through April 18, 2011, the date on which the ALJ issued the hearing decision (and thus the close of the period under review), Plaintiff had been seen by a doctor on just one occasion.  Tr. 321-23.  Moreover, the progress note for that solitary visit did not reveal a disabling condition, as no clinical examination findings were even reported.  Id.

Upon requesting review of the ALJ's decision, Plaintiff submitted medical records to the Appeals Council which show that he did seek other treatment from Dr. Subhedar during the relevant period.  Tr. 361-63.  Although the ALJ did not have an opportunity to consider this evidence because it was submitted after he rendered the decision, upon judicial review, the Court does consider such evidence in determining whether substantial evidence supports the ALJ's decision.  Perez, 77 F.3d 41, 45 (2d Cir. 1996).

The evidence submitted to the Appeals Council supports the ALJ's decision to rely on the medical opinions of Dr. Philip and Dr. Greenberg.  These records show that Plaintiff saw Dr. Subhedar on October 26, 2010, (nearly two years after he claimed

16

he became disabled) for a complaint of back pain. Accordingly,
they substantiate the fact that Plaintiff sought minimal
treatment during the alleged period of disability.  Further, the
clinical examination findings reported at this visit reflect
that Plaintiff had a normal gait, his lumbar spine was normal in
terms of motion and tenderness, and neurological findings were
intact.  Tr. 362.  On March 30, 2011, Dr. Subhedar provided an
injection of lidocaine solution into the L5-S1 area, from which
Plaintiff reported 70% relief his pain.  Tr. 365.  Accordingly,
these records are consistent with the overall record in
reflecting minimal treatment and findings, and also show that
Plaintiff obtained relief of his symptoms when he eventually did
seek treatment.

Plaintiff has challenged the ALJ's finding for not
adopting the medical opinion of Dr. Subhedar, contending that
Dr. Subhedar's opinion restricting Plaintiff to less than
sedentary work was supported by clinical examination findings of
"muscle spasm, numbness and weakness," reported by Dr. Subhedar
on October 26, 2011. See Pl. Mem. at 4, 8-9.  However, Dr.
Subhedar did not in fact report any such clinical examination
findings.  Tr. 361.  The "findings" referred to by Plaintiff
were subjective complaints that Plaintiff himself reported to
Dr. Subhedar in relating his medical history at the October 26,

17

2011, exam.  Tr. 361.  Upon examination of Plaintiff on that
occasion, Dr. Subhedar reported that Plaintiff's dorsal and
lumbar spine was normal for tenderness, spasm and range of
motion.  Tr. 362.  In addition, neurological examination was
normal as far as sensory or motor deficits and reflexes.  Tr.
362.

        Further, Dr. Subhedar's opinion is inconsistent with
the minimal objective findings reported elsewhere in the record,
the overall minimal treatment that Plaintiff sought during the
period of alleged disability, and the medical opinions of Dr.
Philip and Dr. Greenberg.  Accordingly, the ALJ properly
declined to adopt Dr. Subhedar's opinion.  See Quinones v.
Barnhart, No. 05 Civ. 579 (PKC), 2006 WL 2136245, at *7
(S.D.N.Y. Aug. 1, 2006) (upholding denial of benefits where ALJ
properly found that medical opinions were not supported by the
medical evidence and were inconsistent with the entirety of the
record); see also Gonzalez v. Chater, No. 93 Civ. 7200 (BSJ),
1996 WL 442798, at *5-6 (S.D.N.Y. Aug. 6, 1996) (opinion of a
treating source is not binding if it is contradicted by
substantial evidence, such as the report of a consultative
physician).

Because Plaintiff's symptoms were not well-documented by the objective findings in the record, the ALJ considered other non-medical factors such as Plaintiff's daily activities, the effects of medication and the treatment he received.  Tr. 17; 20 C.F.R. § 404.1529(c).  The ALJ observed that Plaintiff's testimony regarding disabling pain and limitations was inconsistent with the conservative care he received since January 2009, when he allegedly became disabled.  Tr. 17. The ALJ observed that the more intense treatment received by Plaintiff took place well before the alleged onset of the claimed disability.  Id.  The record did not document any adverse side effects from medication, nor was there evidence of hospitalization or emergency room treatment for an alleged disabling medical condition.  Id.  The ALJ had the discretion to evaluate Plaintiff's credibility and arrive at an independent judgment regarding the true extent of the alleged pain in light of medical findings and other evidence.  Mimms, 750 F.2d at 186. Moreover, the ALJ's credibility determination is due deference because he heard the testimony and observed the demeanor of the witnesses.  Gernavage, 882 F. Supp. at 1419 n. 6.

Plaintiff's conjecture that the ALJ may have been "unduly influenced by an unfounded assumption of malingering" because he noted Plaintiff lacked incentive to return to work

19

because he was receiving a police department disability pension,
Pl. Mem. at 9, is belied by the substance of the ALJ's decision,
which reflects due consideration of Plaintiff's symptoms in
light of the objective findings and other nom-medical findings
in the record.  Thus, the ALJ's consideration of a perceived
lack of motivation stemming from Plaintiff's monthly $5,500.00
police pension, even if improper, was not a determinative factor
and does not constitute error. See Gonzalez, 1996 WL 442798 at *
7 (rejecting the plaintiff's contention that ALJ based his
determination to deny benefits solely on perceived lack of
motivation based on receipt of police pension, where the ALJ
based his finding regarding residual functional capacity upon
several medical opinions in the record, and concluding that any
reliance on perceived lack of motivation, even if improper, was
not determinative and therefore did not constitute error).

## Conclusion

      The Commissioner's decision was supported by substantial evidence.  Consequently, the Commissioner's motion is granted, the Plaintiff's cross-motion is denied, and the complaint is dismissed.

      It is so ordered.

New York, NY
April 4 , 2013

ROBERT W. SWEET
U.S.D.J.

21